IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:09CR228 |
| ) | |
| v. ) | |
| ) | |
| GABRIEL ALBANESE, ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |
| ) | |

This matter is before the court on the defendant's objections, Filing No. 23, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 20, denying his motion to suppress, Filing No. 12. The magistrate judge recommended that the defendant's motion to suppress be denied. Filing No. 20, R&R; Filing No. 24, Transcript ("Tr.") at 15.

In his motion to suppress, defendant challenges the sufficiency of the affidavit in support of an application for a no-knock, nighttime search warrant. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the suppression hearing on October 5, 2009. Filing No. 24, Transcript; and Hearing Exhibit ("Hr'g Ex.") 1, Affidavit and Application for a Search Warrant & Inventory/receipt. The court finds the recommendation of the magistrate judge should be adopted and the defendant's motion to suppress should be denied.

No-knock searches are not forbidden under the Fourth Amendment, but searching officers must justify dispensing with the knock-and-announce requirement. *United States*

*v. Scroggins*, 361 F.3d 1075, 1081 (8th Cir. 2004). The Fourth Amendment forbids a blanket exception to the knock-and-announce requirement in drug cases, even though drug investigations frequently pose unique threats to officer safety and the effective preservation of evidence. *Id.* The government must meet a "not-high burden of showing that it had a reasonable suspicion that knocking and announcing would be 'dangerous or futile, or . . . would inhibit the effective investigation of the crime.'" *Id.* (*quoting United States v. Banks*, 540 U.S. 31, 41 (2003)). Although the standards are the same regardless of whether the police visit a judge before or after they search, if they do so beforehand, and the judge is wrong, the police can rely upon the good-faith exception established in *United States v. Leon*, 468 U.S. 897, 923 (1984). *Id.* at 1082. The good-faith exception to the exclusionary rule provides that evidence will not be excluded where police officers reasonably rely on a search warrant issued by a neutral judicial officer, where that search warrant is later declared invalid. *Leon*, 468 U.S. at 925-26. "An officer's good faith is judged by whether the officer's reliance was 'objectively reasonable.'" *Scroggins*, 361 F.3d at 1083 (*quoting Leon*, 468 U.S. at 919-20). The good-faith exception is perfectly suited for cases in which a judge's decision is borderline because the purpose of deterrence is not served by excluding evidence when "the police take a close call to a judge before searching, even if a reviewing court ultimately concludes that the judge got it wrong." *Id.* at 1084.

The court has reviewed the application and affidavit and agrees with the magistrate judge's assessment that the warrant was properly issued. The affidavit establishes the reliability of the confidential informant and asserts exigent circumstances sufficient to dispense with the knock-and-announce requirement. The court further agrees with the magistrate judge's determination that even if the no-knock warrant were found to violate

the Fourth Amendment, the exclusionary rule would not apply to the evidence seized in this case because the police officers involved in the search reasonably relied on the search warrant issued by the state court judge and that reliance was objectively reasonable. Accordingly,

1. The defendant's objections (Filing No. 23) to the report and recommendation of the magistrate judge are overruled;

2. The report and recommendation of the magistrate judge (Filing No. 20) is adopted in its entirety; and

3. The defendant's motion to suppress (Filing No. 12) is denied.

DATED this 1st day of December, 2009.

BY THE COURT:

/s Joseph F. Bataillon

_____
Joseph F. Bataillon
United States District Judge